IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALICE SHEPHERD *o/b/o AMC*,<br>     Plaintiff, | )<br>)<br>) |
| v. | )   CIVIL ACTION NO. 1:19-00292-N |
|  | ) |
| ANDREW M. SAUL,<br>*Commissioner of Social Security*,<br>     Defendant. | )<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Alice Shepherd, on behalf of minor claimant AMC, brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("the Commissioner") denying AMC's application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381, *et seq*.[1] Upon due consideration of the parties' briefs (Docs. 12, 14) and those portions of the administrative record (Doc. 11) relevant to the issues raised, the Court finds that the Commissioner's final decision is due to be **AFFIRMED**.[2]

---

[1] "Title XVI of the Act provides for the payment of disability benefits to indigent persons under the Supplemental Security Income (SSI) program." *Bowen v. Yuckert*, 482 U.S. 137, 140, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987) (citing 42 U.S.C. § 1382(a)).

[2] With the consent of the parties, the Court has designated the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in this civil action, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (*See* Docs. 16, 17). With the Court's consent, the parties jointly waived the opportunity to present oral argument. (*See* Docs. 18, 19).

## I.     *Procedural Background*

The subject application for SSI was filed on AMC's behalf with the Social Security Administration ("SSA") on January 29, 2016. After it was initially denied, AMC requested a hearing before an Administrative Law Judge ("ALJ") with the SSA's Office of Disability Adjudication and Review. Such a hearing was held on April 12, 2018. On August 1, 2018, the ALJ issued an unfavorable decision on AMC's application, finding AMC not disabled under the Social Security Act and therefore not entitled to benefits. (*See* Doc. 11, PageID.729-746).

The Commissioner's decision on AMC's application became final when the Appeals Council denied AMC's request for review of the ALJ's unfavorable decision on April 15, 2019. (*Id.*, PageID.710-714). Shepherd, on AMC's behalf, subsequently brought this action under § 1383(c)(3) for judicial review of the Commissioner's final decision. *See* 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing [for SSI benefits] shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."); 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1262 (11th Cir. 2007) ("The settled law of this Circuit is that a court

may review, under sentence four of section 405(g), a denial of review by the Appeals Council.").

## II.  *Standards of Review*

"In Social Security appeals, [the Court] must determine whether the Commissioner's decision is ' "supported by substantial evidence and based on proper legal standards.  Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." ' " *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam) (internal citation omitted) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997))). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019). In reviewing the Commissioner's factual findings, the Court " 'may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].' " *Winschel*, 631 F.3d at 1178 (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (alteration in original) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983))). " 'Even if the evidence preponderates against the [Commissioner]'s factual findings, [the Court] must affirm if the decision reached is supported by substantial evidence.' " *Ingram*, 496 F.3d at 1260 (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

Put another way, "[u]nder the substantial evidence standard, we cannot look at the evidence presented to [an administrative agency] to determine if

interpretations of the evidence other than that made by the [agency] are possible. Rather, we review the evidence that was presented to determine if the findings made by the [agency] were unreasonable. To that end, [judicial] inquiry is highly deferential and we consider only whether there is substantial evidence for the findings made by the [agency], *not* whether there is substantial evidence for some *other* finding that could have been, but was not, made. That is, even if the evidence could support multiple conclusions, we must affirm the agency's decision unless there is no reasonable basis for that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1029 (11th Cir. 2004) (en banc) (citations and quotation omitted).[3]

"Yet, within this narrowly circumscribed role, [courts] do not act as automatons. [A court] must scrutinize the record as a whole to determine if the

---

[3] *See also Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991) (per curiam) ("The court need not determine whether it would have reached a different result based upon the record" because "[e]ven if we find that the evidence preponderates against the [Commissioner]'s decision, we must affirm if the decision is supported by substantial evidence."); *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991) (under the substantial evidence standard, "we do not reverse the [Commissioner] even if this court, sitting as a finder of fact, would have reached a contrary result…"); *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 822 (11th Cir. 2015) ("In light of our deferential review, there is no inconsistency in finding that two successive ALJ decisions are supported by substantial evidence even when those decisions reach opposing conclusions. Faced with the same record, different ALJs could disagree with one another based on their respective credibility determinations and how each weighs the evidence. Both decisions could nonetheless be supported by evidence that reasonable minds would accept as adequate."); *Barron v. Sullivan*, 924 F.2d 227, 230 (11th Cir. 1991) ("Substantial evidence may even exist contrary to the findings of the ALJ, and we may have taken a different view of it as a factfinder. Yet, if there is substantially supportive evidence, the findings cannot be overturned."); *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), *as amended on reh'g* (Aug. 9, 2001) ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner.").

decision reached is reasonable and supported by substantial evidence[.]" *Bloodsworth*, 703 F.2d at 1239 (citations and quotation omitted). *See also Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam) ("We are neither to conduct a de novo proceeding, nor to rubber stamp the administrative decisions that come before us. Rather, our function is to ensure that the decision was based on a reasonable and consistently applied standard, and was carefully considered in light of all the relevant facts."). "In determining whether substantial evidence exists, [a court] must…tak[e] into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). If a court determines that the Commissioner reached his decision by focusing upon one aspect of the evidence and ignoring other parts of the record[, i]n such circumstances [the court] cannot properly find that the administrative decision is supported by substantial evidence. It is not enough to discover a piece of evidence which supports that decision, but to disregard other contrary evidence." *McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986). Nevertheless, " 'there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision ... is not a broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole.' " *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam) (quotation and brackets omitted)). [4]

---

[4] Moreover, "district court judges are not required to ferret out delectable facts buried

---

in a massive record," *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) (28 U.S.C. § 2254 habeas proceedings), and " '[t]here is no burden upon the district court to distill every potential argument that could be made based on the materials before it…' " *Solutia, Inc. v. McWane, Inc.*, 672 F.3d 1230, 1239 (11th Cir. 2012) (per curiam) (Fed. R. Civ. P. 56 motion for summary judgment) (quoting *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (en banc)) (ellipsis added). The Eleventh Circuit Court of Appeals, whose review of Social Security appeals "is the same as that of the district court[,]" *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam), generally deems waived claims of error not fairly raised in the district court. *See Stewart v. Dep't of Health & Human Servs.*, 26 F.3d 115, 115-16 (11th Cir. 1994) ("As a general principle, [the court of appeals] will not address an argument that has not been raised in the district court…Because Stewart did not present any of his assertions in the district court, we decline to consider them on appeal." (applying rule in appeal of judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3));  *Crawford*, 363 F.3d at 1161 (same); *Hunter v. Comm'r of Soc. Sec.*, 651 F. App'x 958, 962 (11th Cir. 2016) (per curiam) (unpublished) (same); *Cooley v. Comm'r of Soc. Sec.*, 671 F. App'x 767, 769 (11th Cir. 2016) (per curiam) (unpublished) ("As a general rule, we do not consider arguments that have not been fairly presented to a respective agency or to the district court. *See Kelley v. Apfel*, 185 F.3d 1211, 1215 (11th Cir. 1999) (treating as waived a challenge to the administrative law judge's reliance on the testimony of a vocational expert that was 'not raise[d] . . . before the administrative agency or the district court')."); *In re Pan Am. World Airways, Inc., Maternity Leave Practices & Flight Attendant Weight Program Litig.*, 905 F.2d 1457, 1462 (11th Cir. 1990) ("[I]f a party hopes to preserve a claim, argument, theory, or defense for appeal, she must first clearly present it to the district court, that is, in such a way as to afford the district court an opportunity to recognize and rule on it."); *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (applying *In re Pan American World Airways* in Social Security appeal); *Sorter v. Soc. Sec. Admin., Comm'r*, 773 F. App'x 1070, 1073 (11th Cir. 2019) (per curiam) (unpublished) ("Sorter has abandoned on appeal the issue of whether the ALJ adequately considered her testimony regarding the side effects of her pain medication because her initial brief simply mentions the issue without providing any supporting argument. *See Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278–79 (11th Cir. 2009) (explaining that 'simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue').");  *Figuera v. Comm'r of Soc. Sec.*, 819 F. App'x 870, 871 n.1 (11th Cir. 2020) (per curiam) (unpublished) ("Figuera also argues the ALJ failed to properly assess her credibility … However, Figuera did not adequately raise this issue in her brief before the district court. She raised the issue only summarily, without any citations to the record or authority. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (noting that a party 'abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority'). As a result, we do not address the sufficiency of the ALJ's credibility finding.").

The "substantial evidence" "standard of review applies only to findings of fact. No similar presumption of validity attaches to the [Commissioner]'s conclusions of law, including determination of the proper standards to be applied in reviewing claims." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (quotation omitted). *Accord, e.g., Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982) ("Our standard of review for appeals from the administrative denials of Social Security benefits dictates that '(t)he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive ....' 42 U.S.C.A. s 405(g) … As is plain from the statutory language, this deferential standard of review is applicable only to findings of fact made by the Secretary, and it is well established that no similar presumption of validity attaches to the Secretary's conclusions of law, including determination of the proper standards to be applied in reviewing claims." (some quotation marks omitted)). This Court "conduct[s] 'an exacting examination' of these factors." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam) (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)). " 'The [Commissioner]'s failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal.' " *Ingram*, 496 F.3d at 1260 (quoting *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991)). *Accord Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In sum, courts "review the Commissioner's factual findings with deference and the Commissioner's legal conclusions with close scrutiny." *Doughty v. Apfel*, 245 F.3d

1274, 1278 (11th Cir. 2001). *See also Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam) ("In Social Security appeals, we review *de novo* the legal principles upon which the Commissioner's decision is based. *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). However, we review the resulting decision only to determine whether it is supported by substantial evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004)."). It is also important to note that a court cannot "affirm simply because some rationale might have supported the [Commissioner]' conclusion[,]" as "[s]uch an approach would not advance the ends of reasoned decision making." *Owens*, 748 F.2d at 1516. Rather, "an agency's order must be upheld, if at all, on the same basis articulated in the order by the agency itself." *Fed. Power Comm'n v. Texaco Inc.*, 417 U.S. 380, 397, 94 S. Ct. 2315, 41 L. Ed. 2d 141 (1974) (quotation omitted). *See also Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000) ("The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council."); *Nance v. Soc. Sec. Admin., Comm'r*, 781 F. App'x 912, 921 (11th Cir. 2019) (per curiam) (unpublished)[5] ("Agency actions … must be upheld on the same bases articulated in the agency's order." (citing *Texaco Inc.*, 417 U.S. at 397, and *Newton*, 209 F.3d at 455)).

Eligibility for SSI requires that a claimant be "disabled." 42 U.S.C. § 1382(a)(1)-(2). "An individual under the age of 18 shall be considered disabled … if

---

[5] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2. *See also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(C)(i). "Notwithstanding [§ 1382c(C)](i), no individual under the age of 18 who engages in substantial gainful activity … may be considered to be disabled." *Id.* § 1382c(C)(ii).

> The Social Security Administration uses a sequential, three-step analysis to determine whether a child is disabled. The claimant must establish (1) whether the child is working; (2) whether the child has a severe impairment or combination of impairments; and (3) whether the child's impairment or combination of impairments meets, medically equals, or functionally equals the severity of an impairment in the Listing of Impairments. 20 C.F.R. § 416.924(a); *id.* Pt. 404, Subpt. P, App. 1…
>
> …To determine whether an impairment or combination of impairments "functionally equals" a listed impairment, the administrative law judge assesses the claimant on six domains, including (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for himself; and (6) health and physical well-being. *Id.* §§ 416.926a(a), (b)(1), (d). The claimant must establish that he suffers from an "extreme" limitation in one of the domains, or "marked" limitations in two of the domains. *Id.* § 416.926a(a). A "marked" limitation is one that "interferes seriously with [the claimant's] ability to independently initiate, sustain, or complete activities." *Id.* § 416.926a(e)(2)(i). " 'Marked' limitation also means a limitation that is 'more than moderate' but 'less than extreme.' It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean." *Id.*

*Parks ex rel. D.P. v. Comm'r, Soc. Sec. Admin.*, 783 F.3d 847, 850-51 (11th Cir. 2015).[6]

"The burden lies with the claimant to prove that he meets or equals a Listing." *Gray*

---

[6] The Court will hereinafter use "Step One," "Step Two," and "Step Three" when referencing individual steps of this sequential evaluation.

*ex rel. Whymss v. Comm'r of Soc. Sec.*, 454 F. App'x 748, 750 (11th Cir. 2011) (per curiam) (unpublished) (citing *Barron v. Sullivan*, 924 F.2d 227, 229 (11th Cir. 1991)). However, "the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987). *See also Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam) ("It is well-established that the ALJ has a basic duty to develop a full and fair record. Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." (citations omitted)). "This is an onerous task, as the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts. In determining whether a claimant is disabled, the ALJ must consider the evidence as a whole." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (per curiam) (citation and quotation omitted).

When, as here, the ALJ denies benefits and the Appeals Council denies review of that decision, the Court "review[s] the ALJ's decision as the Commissioner's final decision." *Doughty*, 245 F.3d at 1278. But "when a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." *Ingram*, 496 F.3d at 1262. Nevertheless, "when the [Appeals Council] has denied review, [the Court] will look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence." *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998).

### III.   *Summary of the ALJ's Decision*

At Step One, the ALJ determined that AMC was an "older infant" who had not engaged in substantial gainful activity since the application date of January 29, 2016. (Doc. 11, PageID.735).[7] At Step Two, the ALJ determined that AMC had the following severe impairments: hearing difficulties, pervasive developmental disorder, expressive and receptive language disorder, and borderline intellectual functioning. (Doc. 11, PageID.735). At Step Three, the ALJ found that AMC did not have an impairment or combination of impairments that met, medically equaled, or functionally equaled the severity of a specified impairment in Appendix 1 of the Listing of Impairments, 20 C.F.R. § 404, Subpt. P, App. 1. (*Id.*, PageID.735-745). In determining that AMC did not functionally equal a Listing, the ALJ found that AMC had marked limitation in the domain of acquiring and using information, no limitation in the domain of moving about and manipulating objects, and "less than marked" limitations in the remaining 4 domains (*see id.*) – thus failing to satisfy the requirement that a child applicant demonstrate either an "extreme" limitation in one of the domains or "marked" limitations in two. Accordingly, the ALJ found that AMC was not under a disability as defined by the Social Security Act during the relevant adjudicatory period. (*Id.*, PageID.746).

### IV.   *Analysis*

Shepherd's sole claim of reversible error is that the ALJ failed to discuss AMC's

---

[7] "For SSI claims, a claimant becomes eligible in the first month where she is both disabled and has an SSI application on file." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam) (citing 20 C.F.R. § 416.202–03 (2005)).

speech impairment in analyzing the domain of interacting and relating with others, for which the ALJ found "less than marked" limitation. No reversible error has been shown.

In analyzing the domain of interacting and relating with others, the Commissioner considers how well a claimant initiates and sustains emotional connections with others, develops and uses the language of his or her community, cooperates with others, complies with rules, responds to criticism, and respects and takes care of the possessions of others. 20 C.F.R. § 416.926a(i). "Interacting means initiating and responding to exchanges with other people, for practical or social purposes." *Id.* § 416.926a(i)(1)(i). Both "[i]nteracting and relating require [a claimant] to respond appropriately to a variety of emotional and behavioral cues. [The claimant] must be able to speak intelligibly and fluently so that others can understand [her or him]; participate in verbal turntaking and nonverbal exchanges; consider others' feelings and points of view; follow social rules for interaction and conversation; and respond to others appropriately and meaningfully." *Id.* § 416.926a(i)(1)(iii). Among the examples of limitations relevant to this domain is "difficulty speaking intelligibly or with adequate fluency." *Id.* § 416.926a(i)(3)(vi). *See also* Social Security Ruling 09-5P, 2009 WL 396026, at *3 (Feb. 17, 2009) ("Both physical and mental impairments can affect a child's ability to interact with others. For example, a child with a hearing impairment or abnormality of the speech mechanism (such as a repaired cleft palate) may have speech that is difficult to understand. Such a child may have difficulty describing an event to strangers.").

It is true that the ALJ did not specifically discuss AMC's speech impairment in analyzing the domain of interacting and relating with others. However, in her general summary of the evidence prefacing her analysis of the six domains at Step Three, the ALJ extensively discussed the evidence of AMC's speech impairment, including the following:

- a Teacher Questionnaire completed on January 5, 2018, by AMC's preschool teacher, noting that the teacher had opined that AMC "has a 'no problem' to a 'serious problem' in interacting and relating with others…" (Doc. 11, PageID.736 (citing Administrative Ex. 14E)). A review of that questionnaire shows that, in providing an opinion on the domain of "interacting and relating with others," the teacher found "serious problems" with AMC's "seeking attention appropriately" and "asking permission appropriately," but found only slight or no problems in the other factors listed. (*Id.*, PageID.1043). Most relevant here, the teacher found "no problem" with AMC's "using adequate vocabulary and grammar to express thoughts/ideas in general, everyday conversation." (*Id.*). The teacher also answered "no" when asked if it had "been necessary to implement behavior modification strategies for the child." (*Id.*). The ALJ assigned "great weight" to the Teacher Questionnaire (*see id.*, PageID.736), a finding that Shepherd does not challenge.

- A speech-language pathologist's Initial Speech-Language Evaluation performed March 16, 2015, which noted that AMC had only " 'mild receptive language delay and moderate expressive language delay…' " (*Id.*, PageID.737

(quoting Administrative Ex. 3F)). After six months of speech therapy, the pathologist noted that AMC " 'produces 10 out of 12 age appropriate Monkey Mouth phonemes." (*Id.* (quoting Administrative Ex. 3F)).

- The June 14, 2016 assessment of a speech therapist, who opined that AMC had " 'moderate expressive delay but mild receptive delay.' " (*Id.* (quoting Administrative Ex. 10F)).

- Notes from a February 25, 2016 examination by an Ear, Nose, and Throat physician, who stated that AMC " '<u>communicates without difficulty with normal voice quality.</u>' " (*Id.* (quoting Administrative Ex. 9F (emphasis added by the ALJ))).

- Notes from an August 11, 2016 three-year checkup examination, in which the physician stated: " '<u>Making progress with speech therapy. In the past several months is talking much better</u>.' " (*Id.* (quoting Administrative Ex. 7F (emphasis added by the ALJ))).

- Notes from an August 15, 2017 four-year old wellness visit, in which the physician stated that AMC had " 'age appropriate social/language interaction' " and " 'normal speech.' " (*Id.*, PageID.738) (quoting Administrative Ex. 11F)).

- Notes from a November 9, 2017 physical consultative examination, in which the physician noted: AMC " 'is able to respond in 2 word sentences. His speech is somewhat difficulty [sic] to understand, and he has to repeat some words for examiner to understand.' " (*Id.* (quoting Administrative Ex. 12F)).

- Notes from a November 15, 2017 mental consultative examination, in which

the psychologist stated that AMC had "mixed expressive/receptive language disorder" and opined that his " 'cognitive and communication functioning is impaired.'" (*Id.* (quoting Administrative Ex. 13F)).

The ALJ's decision reflects adequate consideration of the evidence regarding AMC's speech impairment, regardless of her failure to specifically discuss it analyzing the domain of interacting and relating with others. That evidence consistently documented only mild to moderate limitations resulting from that impairment, providing ample support for the ALJ's finding of a "less than marked" limitation in that domain.

Shepherd appears to argue that the ALJ's consideration of the speech impairment was inconsistent. Correctly noting that the ALJ did specifically discuss the speech impairment in analyzing the domain of acquiring and using information (*see* Doc. 11, PageID.740) – the only domain in which the ALJ found marked limitation – Shepherd interprets this to mean that "[t]he ALJ … certainly felt that [AMC]'s speech delay had a significant impact on his functioning" (Doc. 12, PageID.1370). However, in analyzing the domain of acquiring and using information, the ALJ also took into account AMC's full-scale IQ score of 71, and medical assessments of "pervasive developmental delay" and "borderline intellectual functioning," in addition to limitations caused by AMC's speech impairment. It is thus reasonably clear that the ALJ's finding a marked limitation in that domain was not based on AMC's speech impairment alone, but rather on the combined effects of the several noted impairments. Nothing in the ALJ's decision indicates she considered

AMC's speech impairment to cause significant limitations by itself – indeed, as discussed above, the ALJ noted numerous portions of the record indicating that the speech impairment caused only mild to moderate limitations, even adding her own emphasis to quotations of certain portions. As such, there is no inconsistency in the ALJ assigning less than marked limitations in other domains where the speech impairment might have been considered.

No reversible error having been shown, the Court finds that the Commissioner's final decision denying AMC's application for benefits is therefore due to be **AFFIRMED**.

## V.  *Conclusion*

In accordance with the foregoing analysis, it is **ORDERED** that the Commissioner's final decision denying AMC's January 29, 2016 application for SSI is **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

Final judgment shall issue separately in accordance with this order and Federal Rule of Civil Procedure 58.

**DONE** and **ORDERED** this the 4th day of November 2020.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**